UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YU CEN ZHENG, individually and on behalf of all other employees similarly situated,

    Plaintiff,

    v.

NJ GREAT WALL, LLC, and NICKY LIU,

    Defendants.

Civil Action No. 21-cv-16350 (GC) (RLS)

**ORDER**

**THIS MATTER** comes before the Court upon the joint motion (ECF No. 30) filed by Plaintiff Yu Cen Zheng and Defendants NJ Great Wall, LLC, and Nicky Liu for approval of a proposed settlement agreement, which resolves Plaintiff's wage-and-hour claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a, *et seq.*, for alleged unpaid overtime and minimum wage.[1] (ECF No. 1 ¶¶ 43-74.)

The proposed settlement entered into between the parties would resolve and dismiss the claims in this case in exchange for Defendants making a one-time settlement payment of $11,500.00, which consists of $7,130.67 payable to Plaintiff and $4,369.33 payable to counsel for Plaintiff for attorney's fees and costs. (ECF No. 30-2 at 3.) The parties jointly submit that the settlement is a "fair" and "reasonable compromise" of the claims in dispute and that the Court should approve it. (ECF No. 30-1 at 3-6.)

---

[1] Although the Complaint initially asserted claims on behalf of a putative collective, the settlement reached is between Plaintiff in his individual capacity and Defendants, and Plaintiff represents that he "is no longer seeking to assert claims on behalf of a[] putative collective action class." (ECF No. 30-2 at 2.)

Although the Court recognizes that this is now a single-plaintiff case and the amount of the settlement is relatively modest, it must still review the terms to ensure compliance with the aims of the FLSA. In conducting this review, the Court is tasked with determining whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Chillogallo v. John Doe LLC #1*, Civ. No. 15-537, 2018 WL 4735737, at *1 (D.N.J. Oct. 1, 2018) (quoting *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012)). To reach this determination, the Court must assess "whether the compromise is fair and reasonable to the employee, and whether the compromise otherwise frustrates the implementation of the FLSA." *Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, Civ. No. 20-10026, 2021 WL 5864061, at *1 (D.N.J. Dec. 10, 2021).

As to the second prong (whether the compromise frustrates the implementation of the FLSA), district courts scrutinize a proposed agreement's terms, paying particularly close attention to any confidentiality and release provisions. *See Morales*, 2021 WL 5864061, at *3 ("[T]erms which Third Circuit courts have found problematic in effectuating the FLSA's purposes . . . [include] a restrictive confidentiality clause or an overly broad release provision." (citations omitted)). And both "the Supreme Court as well as lower courts have consistently rejected broad waivers of FLSA rights." *Hudson v. Express Transfer & Trucking*, Civ. No. 20-05771, 2021 WL 406450, at *5 (D.N.J. Feb. 5, 2021). "Indeed, releases in FLSA settlement agreements that waive a plaintiff employee's FLSA claims, claims unrelated to the subject litigation, and future or unknown claims are routinely rejected in the Third Circuit." *Id.*

The reason release provisions in FLSA settlements are so closely examined is because "[w]hile workers seeking to recover backpay may be willing to waive unknown claims in order to access wrongfully withheld wages as soon as possible," the role of the courts is to shield those

same workers from being subject to "a pervasive release . . . [that] confers an uncompensated . . . [and] unfair benefit on the employer." *Brumley*, 2012 WL 1019337, at *8 (quoting *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011)).

In the present action, the Court is concerned with the scope of the release in the proposed settlement submitted by the parties. In relevant part, it reads:

> 4. <u>Release.</u>  In consideration of Defendants' promise to pay the Settlement Payments as set forth in Paragraph 1 above, Plaintiff hereby unconditionally releases and forever discharges (i) NJ Great Wall, LLC, its owners, shareholders, managers, employees, agents, affiliates and related entities, (ii) Nicky Liu, individually and in their official capacities with Great Wall of Neptune, Inc., d/b/a Great Wall, and (iii) as to the foregoing, all of their respective predecessors, successors, heirs, and assigns (collectively, the "Releasees") from any and all claims, demands, causes of action, liabilities, judgments, obligations, losses, debts, charges, and expenses (including attorneys' fees and disbursements of counsel and other professionals) of any and every nature whatsoever, whether currently known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or unmatured, accrued or not accrued, whether in law or equity, that Plaintiff ever had, now has, or hereafter may have against the Releasees arising under any federal, state, or local wage and hour or labor laws, regulations, or executive orders, or under any contract from the beginning of time to the date this Agreement is executed by the Parties, including without limitation, Plaintiff's Claims.
>
> [(ECF No. 30-2 at 4.)]

Although the release does not waive future claims, it is not limited to just wage-and-hour claims arising under the specified statutes nor does it state that it is only waiving claims relating to this case or from the facts alleged in the Complaint. Instead, it waives "any and all claims . . . arising under any federal, state, or local wage and hour or labor laws, regulations or executive orders" as well as "any and all claims . . . under any contract." (*Id.*)

3

Such a broad release not limited to the alleged facts in the action being settled or to wage-and-hour claims specifically has been rejected recently by several district courts in this Circuit.[2] When confronted with such releases, these courts have directed the parties to narrow the release provisions and to resubmit the settlements prior to judicial approval. In *Vidal v. Paterson Car Emporium LLC*, Civ. No. 19-12711, 2023 WL 238825, at *3 (D.N.J. Jan. 18, 2023), for example, the court first denied the parties' joint motion for approval of the settlement before approving the renewed motion after they "narrow[ed] the scope of the settlement agreement's release . . . provisions."[3] Likewise, in *Rhee v. Super King Sauna NJ, LLC*, Civ. No. 20-9921, 2021 WL 3550221, at *2 (D.N.J. Aug. 9, 2021), the court initially rejected a "general release provision" and then approved the settlement after the parties "narrowed the release to only wage related claims."[4]

---

[2] Examples where district courts have approved borderline release language in FLSA settlements have typically been more tailored than what is presented here. *See, e.g., Alvarez v. BI Inc.*, Civ. No. 16-2705, 2020 WL 1694294, at *10 (E.D. Pa. Apr. 6, 2020) (holding release permissible where it was "limited to those claims that 'were or could have been asserted' based upon the facts alleged in the Complaint and the proposed Amended Complaint"); *Singleton v. First Student Mgmt. LLC*, Civ. No. 13-1744, 2014 WL 3865853, at *9 (D.N.J. Aug. 6, 2014) (holding release permissible where it was "written to limit any and all future claims related to the specific litigation, and does not incorporate any FLSA claims or other wage issues the Plaintiffs may allege subsequent to the final approval of a settlement").

[3] The initial release stated that plaintiff was releasing "any and all claims arising under the Fair Labor Standards Act; the New Jersey State Labor Law; or the New Jersey wage and wage hour laws; whether known or unknown, as of the date of execution of this Agreement." (Civ. No. 19-12711 at ECF No. 38-4.) The court approved the settlement after it was narrowed to a "release[] . . . from any and all claims <u>related to this action</u> arising under the Fair Labor Standards Act; the New Jersey State Labor Law; or the New Jersey wage and wage hour laws; whether known or unknown, as of the date of execution of this Agreement." *Vidal*, 2023 WL 238825, at *3 (emphasis in original).

[4] The initial release stated that plaintiff was "waving all claims he could assert against Defendant under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law, the New Jersey Wage and Hour Regulations, and the Wage Theft Prevention Act." (Civ. No. 20-9921 at ECF No. 30-1.) The court approved the settlement after the release was revised to state that Plaintiff was only releasing "all claims in the complaint arising under the Fair Labor Standards Act, the New Jersey Wage and Hour Law, the New Jersey Wage Payment Law,

4

*See also Solkoff v. Pennsylvania State Univ.*, 435 F. Supp. 3d 646, 659-60 (E.D. Pa. 2020) ("The broad release of claims that includes unrelated claims and claims unknown to the plaintiff frustrates the purpose of the FLSA by allowing employers to use their superior bargaining power to disadvantage FLSA claimants.").

Here, too, the Court has concluded that it cannot approve the proposed settlement as submitted by the parties because the release provision in it is overly broad and would, if approved, serve to frustrate the purposes of the FLSA. Nor can the Court simply strike the release provision because the parties agreed between themselves that, unlike other terms, the "release language" in the proposed settlement cannot be severed. (ECF No. 30-2 at 6.) *See Solkoff*, 435 F.Supp.3d at 660 ("Because, unlike the confidentiality provision, the release provision is explicitly not severable, the Court will not approve the settlement agreement.").

Accordingly, the Court will deny the parties' joint motion for approval of the settlement and provide them an opportunity to clarify the release provision consistent with the case law cited herein and resubmit the proposed settlement.

**IT IS** on this 3rd day of May, 2023, **ORDERED** as follows:

1. The parties' joint motion (ECF No. 30) for settlement approval is **DENIED**.
2. The parties are **ORDERED** to either submit a revised settlement agreement with an appropriately-tailored release provision by May 17, 2023, or to appear before the Court via telephonic conference on May 22, 2023, at 11:00 a.m., to discuss next steps in the case. The call-in details will be provided closer to the conference date. If a revised settlement is submitted, the conference will be automatically cancelled.

---

the New Jersey Wage and Hour Regulations, and the Wage Theft Prevention Act." (Civ No. 20-9921 at ECF No. 33-1.)

5

3. The Clerk of the Court is directed to **TERMINATE** the motion pending at ECF No. 30.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**